## MARYE v. JONES et al.

Naglee v. Minturn, (8 Cal. R., 540,) affirmed.

APPEAL from the District Court of the Fourth Judicial District, County of San Francisco.

This was a bill in equity praying certain set-offs against a promissory note, and that the note be delivered up to the plaintiff, and for judgment against defendants for amount of dividends collected on certain stock deposited as collateral security for the payment of said note, and also for an injunction restraining the transfer of the note, etc.

Plaintiff, G. T. Marye, on the sixth of November, 1854, borrowed of the house of Adams & Co., the sum of $4,500, payable one month after date, with interest, at three per cent. per month.

To secure this note, one hundred and twenty-two shares of Clay Street Wharf stock, were deposited as collateral security, and transferred by James King of Wm. as trustee. Subse-

quently King took out new stock, but still issued to him on the face as trustee.

On the twenty-third of February, 1855, an action was commenced by Alvin Adams, against his partners, to dissolve the partnership debts, and Alfred A. Cohen was at the same time appointed receiver.

On the first day of March, 1855, Marye became the owner of certificates of deposit issued by Adams & Co., more than sufficient to pay said note, which certificates were issued prior to the twenty-third of February, 1855.

Marye filed his bill or complaint on November 9, 1855, to redeem his wharf stock, and he allowed in set-off the certificates of deposit held by him.

On the twenty-seventh of February, 1855, I. C. Woods, for himself and partners, applied to the Fourth Judicial District Court for a discharge in bankruptcy under the Insolvent Debtor's Act. The note in this case, by virtue of an order made in that case, was transferred and delivered to Edward Jones, Richard Roman, and Alfred A. Cohen, as assignees. Naglee was appointed receiver, October 2, 1855, and the note was subsequently delivered to him.

Naglee admits the tender of the certificates in payment of the note to Cohen, and demand of the wharf stock.

He claims a balance against Marye, and asks that the wharf stock may be sold to pay it.

The stipulation admits that Adams & Co. were insolvent at the time of the appointment of receiver, but that the same is not alleged in that suit, and that Marye had no notice of it, but that he had notice of the appointment of a receiver.

The stipulation shows that the receiver was appointed by the Court, but that Haskell & Woods consented to the appointment of Cohen.

The case was, by stipulation of counsel, referred to F. A. Sawyer, to report judgment. Sawyer, referee, reported in favor of plaintiff. On motion of defendant's counsel the report of the referee was set aside, and a new trial granted, and the plaintiff appealed.

*V. E. Howard* for Appellant.

The appointment of a receiver by the Court did not change the title to the assets, especially as the complaint did not show insolvency of the firm.

It was an appointment for the benefit of the members of the firm, to which the creditors were not parties.

The receiver could not have brought suit without an order of Court. 5 Blackford, 526.

It was held in the case of Adams v. Casserly et al., that the ap-

pointment of a receiver before decree of dissolution did not change the title in the partnership property.

In the case of Cohen et al. v. Barrett et al., in 5 Cal. R., the Court pronounced the proceedings in insolvency void, and, of course, no title could rest in the receiver under that appointment.

In the subsequent case of Naglee v. Minturn, it was held that the right to the assets did not vest in the creditors, until the dissolution of the partnership by decree of Court and an order for a *pro rata* distribution.

In that case the cross demands were not acquired until July 1855, and yet were allowed in set-off. These decisions have become property rules.

There was no assignment by Woods & Haskell. They merely assented to the appointment of Cohen as a fit person. But that assent fell with the void appointment. No rights accrued under and by virtue of the assent. It could not operate an assignment, unless so expressed and intended, and signed by all the partners.

As the facts in this case, it being a chancery suit, are agreed to by the parties and found by the referee, this Court should render such a judgment as the Chancellor should have awarded, and such a judgment as the stipulation contemplates.

The judgment follows, as a matter of course, the report of the referee being confirmed.

TERRY, C. J., delivered the opinion of the Court—FIELD, J., and BURNETT, J., concurring.

The facts disclosed by the record bring this case fully within the principle decided by this Court, in Naglee v. Minturn, (8 Cal. R., 540,) and on the authority of that case the judgment is reversed and cause remanded, with directions that the Court below enter judgment upon the report of the referee.